David Wise v. Commissioner.
Wise v. Commissioner
Docket No. 77180.
United States Tax Court
T.C. Memo 1961-174; 1961 Tax Ct. Memo LEXIS 175; 20 T.C.M. (CCH) 888; T.C.M. (RIA) 61174; June 15, 1961
Michael Kaminsky, Esq., 122 E. 42nd St., New York, N. Y., for the petitioner. Edward H. Hance, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1952 in the amount of $12,379.45 together with an addition to tax under section 294(d)(2) of the 1939 Code in the amount of $419.64. The issues for decision are: (1) Whether the petitioner sustained a loss in the amount of $18,440.95; (2) Whether the petitioner incurred an ordinary and necessary business expense for the management, conservation, or maintenance of property held for the production of income; and *176 (3) Whether the petitioner realized a capital gain in 1952 as the result of the sale or exchange of real property located at 34 Clinton Avenue in the city of Albany, New York; and whether the petitioner realized ordinary income when he cancelled notes having a face value of $2,000 and having a cost basis to petitioner of $900. Findings of Fact Some of the facts are stipulated and are hereby found as stipulated. The petitioner, David Wise (hereinafter sometimes referred to as Wise) is an individual residing in Albany, New York. For the taxable year 1952, petitioner filed his Federal income tax return with the district director of internal revenue, Albany, New York. Petitioner entered into a lease agreement on April 17, 1945, with Fred E. Ziehm and William V. Ziehm covering the properties located at 32 and 34 Clinton Avenue, Albany, New York, owned by the petitioner. The lease was for a term of two years commencing on June 1, 1945, and terminating on May 31, 1947. The lease contained an option to purchase the aforementioned properties for $62,500. On July 24, 1947, the petitioner executed a lease agreement with Fred E. Ziehm (hereinafter referred to as Ziehm) covering the *177 property located at 34 Clinton Avenue for a term of five years commencing August 1, 1947, and terminating July 31, 1952. This lease also granted the following options: Option: The Lessee herein has the right and option to buy the aforesaid premises [34 Clinton Avenue] and the adjoining premises on the east, No. 32 Clinton Avenue, in said City of Albany, New York, and running through to Orange Street, from the Lessor, for the sum of $62,500.00 in cash, at any time after February 1, 1952, upon the said Lessee's making a down payment to the Lessor of at least $10,000.00 and taking title to both of said parcels before August 1, 1952, upon condition that said tenant, Fred E. Ziehm, has complied with all the terms and conditions of this lease on his part. It being understood that said premises may be subject to party wall or partition wall agreements or that such party or partition walls actually exist, and title shall not be affected thereby. Option: The Lessor shall have the right and option to cancel and terminate this lease and the lessee's option to purchase contained in the paragraph next hereinabove, at any time during its term or any extension thereof upon thirty days notice *178 in writing to said Lessee and the payment to him of the sum of $25,000.00. On October 6, 1947, the petitioner executed a lease agreement with Ziehm covering the property at 32 Clinton Avenue for a term of five years commencing October 1, 1947, and terminating September 30, 1952. On February 2, 1952, Ziehm exercised his option to purchase the property located at 32 and 34 Clinton Avenue by giving Wise notice of his election in writing, and tendering the sum of $10,000 in cash. Wise refused to honor the option. On or about February 27, 1952, Ziehm brought an action against Wise, in the Supreme Court of New York for Albany County, in which he sought specific performance of the contract to sell the properties at 32 and 34 Clinton Avenue in accordance with the terms of the lease dated July 24, 1947. Wise defended and maintained that he had cancelled and terminated the Ziehm's option and lease in accordance with the option reserved to him, and that he had accomplished that result by a tender of $25,000 on February 6, 1952. The issue between Ziehm and petitioner was whether petitioner could at any time exercise his option to cancel or terminate Ziehm's option to purchase, or whether such *179 action could be taken only before Ziehm made any tender to purchase. The litigation was settled just before trial. The terms of settlement were: Petitioner agreed (a) to pay Ziehm $6,000 in cash, (b) to cancel notes, on which Ziehm was the obligor, in the amount of $2,000, and (c) to convey the property located at 34 Clinton Avenue to Ziehm. The parties (Wise and Ziehm) had James W. Perkins, licensed real estate broker and appraiser, make an impartial appraisal of the 34 Clinton Avenue property. Based on his estimate, the parties agreed that the 34 Clinton Avenue property had a fair market value at the time of the conveyance of $18,000. At the same time, petitioner's adjusted basis in the 34 Clinton Avenue property was $9,945.60. The notes cancelled by petitioner, which had a face value of $2,000, originally cost him $900. On his Federal income tax return, petitioner reported the results of the foregoing transaction with Ziehm as a loss of $18,440.95, computed as follows: Cash paid to Fred Ziehm
$ 6,000.00
Cost of building deeded
over
$8,960.00
Less depreciation
claimed
1,164.80
7,795.20
Plus cost of land
2,240.00
Total cost
10,035.20
Legal fees
1,500.00
Cost of notes cancelled
900.00
Filing fees
5.75
Total Loss
$18,440.95
*180 In his notice of deficiency, the respondent disallowed the claimed loss. [1] In addition, respondent determined that petitioner had realized a net capital gain of $4,027.20 [2] and ordinary income of $1,100. [3]
*181 Petitioner incurred legal fees of $1,500 in the defense of Ziehm's action for specific performance. Petitioner also paid filing fees in the amount of $5.75. These expenses were capital expenditures incurred for the purpose of continuing the ownership of the property located at 32 Clinton Avenue. Opinion Issue 1. Section 23(e)(2) of the 1939 Code provides that losses sustained during the taxable year are deductible if incurred in a transaction entered into for profit, though not connected with a trade or business. It is petitioner's contention that he suffered a loss of $18,440.95 in settling Ziehm's action for specific performance which is deductible under the provision of section 23(e)(2), supra. The contention that the settlement with Ziehm resulted in a deductible loss is without merit. At the time of the settlement, petitioner owned the property in question and could have defeated Ziehm's action by selling the property at 32 or 34 Clinton Avenue to him. Ziehm's suit was brought specifically for the purpose of compelling petitioner to sell him the property in question. Petitioner elected to forego the sale and tried to exercise his option to pay Ziehm $25,000 for cancellation *182 of Ziehm's right to purchase the two pieces of property. Petitioner saw fit to convey the 34 Clinton Avenue property, $6,000 cash, and cancel notes having a face value of $2,000 in lieu of selling both pieces of property. This was an additional cost of the 32 Clinton Avenue property which petitioner kept. It was a capital expenditure. The situation is no different now from what it would have been if no litigation had ensued. If petitioner had exercised his option to pay Ziehm $25,000 for the cancellation of the lease and Ziehm's option to purchase before any litigation, it is clear that this would have been an additional cost of the two pieces of property. Merely by refusing to fulfill his contractual obligation, petitioner cannot change a capital expenditure into a loss. Accordingly, we hold that petitioner sustained no loss in the taxable year 1952. Issue 2. It is petitioner's alternative contention that he incurred an ordinary and necessary expense for the management, conservation, or maintenance of property held for the production of income. [4] Petitioner contends that he gave up $6,000 in cash, conveyed property having an adjusted basis of $10,035.20 and cancelled a note *183 which cost $900him, in order to conserve income-producing property. In addition, petitioner contends that the filing fee of $5.75 and attorney's fees of $1,500 are also deductible expenses. We cannot agree with petitioner's contention. Petitioner made the transfers to Ziehm, paid the attorney's fees, and filing fees for the purpose of retaining the ownership of the 32 Clinton Avenue property. If petitioner had exercised his option to pay Ziehm $25,000 for the cancellation of the lease and Ziehm's option to purchase before any litigation, the expenditure would have clearly been an additional cost of retaining his property. Merely by refusing to fulfill his contractual obligation, petitioner cannot change a capital expenditure into an ordinary and necessary *184 expense. Here the expenditure may not be regarded properly as an expense of any one year; nor may the benefits expected from the expenditures be attributed to any one year. Whatever benefit might ensue from the expenditure in question would continue for several years, have at least a reasonable life of more than one year, and would not be exhausted in the year of expenditure. We hold that the payment of cash, the transfer of the 34 Clinton Avenue property, and the cancellation of the note constituted a capital expenditure rather than an ordinary and necessary expense. Issue 3. It is petitioner's contention that he did not realize a gain when he conveyed the 34 Clinton Avenue property to Ziehm and cancelled the notes having a face value of $2,000. Petitioner contends that the respondent erred in treating the amount of $26,000 [5] as an obligation. Petitioner argues that the finding that there was an obligation is based only on the fact that the parties had agreed that the fair reasonable value of the property was $18,000, and on the statement that petitioner had agreed to cancel the notes. *185 Petitioner contends the settlement was not of a debt or obligation, but merely of an asserted claim. He argues that he never satisfied a debt, an obligation, an expense, or anything similar by which he had been obligated or owed $26,000. Petitioner contends he simply compromised an unadjudicated claim by paying $6,000, conveying real property, and cancelling a note. Petitioner contends that not until he had executed an agreement to do these things did any obligation arise, and the obligation was no other than the performance of those acts. Petitioner contends that he established his liability and extinguished it at the same time. Petitioner also contends that he received no quid pro quo for what he gave up. He argues that the respondent's determination that he realized a gain must be based on the assumption that there was a flow of consideration to the petitioner equal to $18,000 with reference to the property, and $2,000 for the note. Petitioner argues that he received no cash or other property, and that, therefore, there could be no gain. Petitioner would have us believe that there was no obligation or debt until the time it was satisfied. Under his own theory, there was an *186 obligation or debt, and when it arose cannot alter the fact of its existence. Petitioner's argument that he received no quid pro quo for what he gave up is without merit. Petitioner made a disposition of certain property, cash and cancelled a note for the right to keep the property at 32 Clinton Avenue. Originally, in the lease, the parties had agreed that the value of the right to keep both pieces of property was worth $25,000, because this is the value they put on petitioner's right to cancel Ziehm's option. After Ziehm's suit for specific performance, the parties had an impartial appraisal made of the 34 Clinton Avenue property. From the entire record, we conclude that the right to keep the 32 Clinton Avenue property had a value of at least $26,000. This right is what petitioner received for what he gave up. We do not think the situation is any different now from what it would have been if the same transaction had taken place before Ziehm filed his lawsuit. If petitioner had elected to cancel Ziehm's option by conveying appreciated property in lieu of cash, clearly there would have been a realization of gain. We are unable to see why there should be a realization in one instance *187 and not in the other. When petitioner conveyed the 34 Clinton Avenue property to Ziehm, there was a sale or exchange and petitioner realized a capital gain in the amount determined by the Commissioner. Likewise, when petitioner cancelled the note on which Ziehm was the obligor, he realized a gain as determined by the Commissioner. The gain so realized is taxable as ordinary income because there was no sale or exchange. (C.A. 2, 1939); , (C.A. 2, 1940). The respondent's determination is accordingly sustained. In accordance with this opinion, petitioner should add $27,505.75 [6] to the basis of the property located at 32 Clinton Avenue. Depreciation for 1952 and subsequent years should be allowed on the increased basis. This will be taken into account in a Rule 50 computation. Decision will be entered under Rule 50. Footnotes
1. (d) The miscellaneous deduction of a loss in the amount of $18,440.95 claimed on your return for the year ended December 31, 1952 is disallowed. It has been determined that the claimed loss represents amounts paid and expenses incurred in the settlement of a suit for specific performance in order to defend title to property at 32 Clinton Avenue, Albany, New York and that such amounts paid and expenses incurred are capital expenditures to be added to the cost of the property and do not constitute an allowable deduction under the Internal Revenue Code of 1939. ↩
2. (b) It is held that you realized a net gain from sale or exchange of capital assets in the amount of $4,027.20 computed as follows: ↩
Selling price
$18,000.00
Basis of property - 34
Clinton Avenue, Cost of
buildings
$8,960.00
Less: Depreciation
1,254.40
Balance
$7,705.60
Land
2,240.00
9,945.60
Gain realized
$ 8,054.40
Less: 50%
4,027.20
Net gain from sale or exchange of
capital assets
$ 4,027.20
3. (c) It is held that you realized ordinary income in the amount of $1,100.00 on the cancellation in 1952 of certain promissory notes of Fred E. Ziehm held by you.↩
4. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - * * *
(2) Non-trade or non-business expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩
5. ↩
Cash
$ 6,000
Fair market value of 34 Clinton
Avenue property
18,000
Face amount of cancelled notes
2,000
$26,000
6. ↩
Cash
$ 6,000.00
Fair Market Value of 34 Clin-
ton Avenue Property
18,000.00
Cancelled note
2,000.00
Attorney's fees
1,500.00
Filing fee
5.75
$27,505.75